FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2017 FEB 27 PM 3: 13

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TIMOTHY DEQUON LEWIS, )<br>)<br>Defendant. )<br>_____) | CASE NO. CR415-196 |

# ORDER

Before the Court is Defendant's Motion for Specific Unanimity Instruction (Doc. 130), Defendant's Motion for Discovery Pursuant to Rule 16 (Doc. 131), the Government's Motion to Amend/Correct Count Fifteen in the Third Superseding Indictment (Doc. 132), and the Government's Motion in Limine (Doc. 134). For the following reasons, the Court **RESERVES** ruling on Defendant's Motion For Specific Unanimity Instruction (Doc. 130). Defendant's Motion for Discovery Pursuant to Rule 16 (Doc. 131) is **GRANTED IN PART** and **DENIED IN PART**. The Government's Motion to Amend/Correct (Doc. 132) is **GRANTED**. The Government's Motion in Limine (Doc. 134) is **GRANTED IN PART** and **RESERVED IN PART**.

## BACKGROUND

On November 5, 2015, Defendant was charged in a single count indictment with sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591. (Doc. 4.) On April 7,

2016, the Government filed a superseding indictment. (Doc. 59.) On August 8, 2016, the Court held a pretrial hearing and scheduled trial to begin on April 20, 2016. (Doc. 68.) On July 6, 2016, a second superseding indictment was filed in Defendant's case. (Doc. 82.) The Court granted Defendant's request for a continuance, finding that the interests of justice warranted allowing Defendant additional time to review evidence, file pretrial motions, and prepare an effective defense. (Doc. 87.) On August 15, 2016, the Court held a second pretrial conference. (Doc. 94.) During that pretrial conference, the Court directed the parties to notify the Court when discovery was complete so that this case could be scheduled for a jury trial. (Id.) On September 8, 2016, Defendant's counsel requested an additional continuance (Doc. 98), which the Court granted (Doc. 99). On October 24, 2016, the Court held a third pretrial conference and set this case for trial beginning on January 23, 2017. (Doc. 104.) However, on December 7, 2016, a third superseding indictment was filed against Defendant. (Doc. 113.) The Government and Defendant once again moved for a continuance of the trial. (Doc. 120.) On January 5, 2017, the Court granted their request and scheduled the case for a March 6, 2017 trial. (Doc. 126.)

In the third superseding indictment, Defendant is charged with 1 count of sex trafficking by force, fraud, and coercion in

violation of 18 U.S.C. § 1591, 8 counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591, 8 counts of coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), 1 count of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), 1 count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and 1 count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 113.) The parties filed pretrial motions in limine on February 19 and 21. Defendant requests that the Court include a specific unanimity instruction for the sex trafficking counts. (Doc. 130.) Defendant also requests that the Government disclose a list of all witnesses that the Government intends to produce at trial, 6 images recovered from two ZTE Cricket Z987 Cell Phones, and the path and source data associated with every image removed from a portable device that the Government intends to use at trial. (Doc. 131.) For its part, the Government requests an amendment of Count 15 in the third superseding indictment to correct a typographical error that mistakenly refers to Jane Doe #7 as Jane Doe #4. (Doc. 132.) The Government also requests that evidence that Defendant provided drugs to and engaged in sex with the alleged victims be admitted in this case, that the alleged victims be referred to only by their first names, and that Defendant be

3

prevented from arguing that the alleged minor victims consented to being sexually exploited. (Doc. 134.)

**ANALYSIS**

I. <u>DEFENDANT'S MOTION FOR UNANIMITY INSTRUCTION</u>

Defendant has requested that the Court give the jury a "unanimity instruction." (Doc. 130.) Specifically, Defendant argues that the jury must agree unanimously as to which of the following act or acts Defendant committed with respect to the alleged victims; recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining any of the alleged victims. (<u>Id</u>.) The Sixth Amendment requires that "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element [of the offense]." <u>Richardson v. United States</u>, 526 U.S. 813, 817 (1999). Nevertheless, it is clear that there is no requirement for jurors to "agree on the underlying facts that make up a particular element of the offense, such as which of several possible means a defendant used to commit that element, so long as they unanimously agree that the government has proven the element beyond a reasonable doubt." <u>United States v. Weiss</u>, 539 F. App'x 952, 956 (11th Cir. 2013) (<u>citing</u> <u>Schad v. Arizona</u>, 501 U.S. 624, 631-32 (1991)).

The Government has yet to disclose its theory of the case. It may well be that Defendant's desire for a unanimity

instruction is rendered moot by argument presented at trial. Moreover, it is not obvious to this Court that there is an obligation to give the jury such a unanimity instruction in cases involving child sex trafficking. See United States v. Felts, 579 F.3d 1341, 1344 (2009) ("[A] district court is not required to instruct the jury that it must unanimously agree as to which mens rea the defendant possessed at the time of the offense." (citing United States v. Meshack, 225 F.3d 556, 569 n.22 (5th Cir. 2000))). Accordingly, the Court **RESERVES** ruling on this issue pending a conference on the draft jury instructions.

II. DEFENDANT'S MOTION FOR DISCOVERY

Defendant has also filed a request for certain discovery. Defendant requests that the Government disclose a list of witnesses it intends to call at trial, certain images from cell phones, and the path and source data of all images involved in this case which the Government intends to use at trial. (Doc. 131.)

A. Witness List

Defendant has requested that the Government provide a witness list prior to trial. (Id.) Defendant has proffered no reason for such disclosure aside from the fact that "this information is necessary for the Defendant to prepare an effective defense." (Id. at 1.) Aside from capital cases, a

defendant does not have a right to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). In fact, "[a] criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial." United States v. Cerpas, 397 F. App'x 524, 528 (11th Cir. 2010) (quoting Johnson, 713 F.2d at 659). While the Court could—in its discretion—require the disclosure of such information, Defendant has not proffered any justification for a deviation from the standard rules.[1] Moreover, the Court understands the Government to have a liberal discovery policy and notes that the Government has an obligation pursuant to the Jencks Act and Brady v. Maryland, 373 U.S. 83 (1963), to disclose certain material to Defendant. Accordingly, Defendant's request for a witness list is **DENIED**.

B. Images from Cell Phones and Path and Source Data

Defendant also requests that the Government provide copies of six images from 2 ZTE Cricket Z987 Cell Phones, along with the path and source data of such photographs. (Doc. 131.) Defendant's counsel assures the Court that the photographs do

---

[1] The Court notes that Defendant did not request disclosure of expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

6

not contain images that would be considered child pornography. (Id.) Federal Rule of Criminal Procedure 16(a)(1)(E) states that

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Based on Defendant's representations, the six images he requests are necessary to his defense and are images subject to the requirements of Rule 16(a)(1)(E). If Defendant's position is true and the images do not contain child pornography, the Court cannot see a reason to deny copying of these images and the disclosure of any other information required by Rule 16.[2] Moreover, the Government has acknowledged that it has provided and will continue to provide upon request, any specified image for Defendant that does not include images of child pornography.

---

[2] The Court is unclear what Defendant is requesting as "path and source data associated with every image removed from a portable device that [the Government] intends to use at the trial of the case." (Doc. 131.) Considering the absence of information provided in Defendant's motion, the Government is **DIRECTED** to comply with the requirements of Rule 16 in the disclosure of images it intends to use at trial. The Court understands that the Government has already provided all metadata to Defendant in a forensic examination report. (Doc. 137 at 2.)

7

(Doc. 137 at 3.) Accordingly, the Government is **ORDERED** to disclose the items Defendant requests in accordance with Rule 16. However, if any of the images Defendant requests include child pornography, the Government is **DIRECTED** to inform the Court no later than close of business on **Tuesday, February, 28, 2016,** and may withhold copies of those images pending further review by this Court.

III. GOVERNMENT'S MOTION TO AMEND/CORRECT

Defendant is currently charged with 9 counts of sex trafficking in violation of 18 U.S.C. § 1591(a) involving 8 different minor victims. (Doc. 113.) The indictment references these alleged victims by an assigned "Jane Doe" number. (Id.) One of the charges in the indictment, Count 15, reads

> "[b]eginning at a time unknown, but at least from on or about April 29, 2015 and continuing through on or about October 20, 2015, in Chatham County within the Southern District of Georgia, and elsewhere, the defendant TIMOTHY DEQUON LEWIS, a/k/a "Maintain," aided and abetted by others known and unknown, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained, by any means, and benefited financially, and received anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained, in and affecting interstate commerce, **"Jane Doe #7,"** knowing and in reckless disregard of the fact that **"Jane Doe #4"** had not attained the age of 18 years and that **"Jane Doe #7"** would be caused to engage in a commercial sex act. All in violation of Title 18, United States Code, Sections 1591(a), 1591 (b)(2), and 2."

8

(Id. at 16, emphasis added.) The Government requests that the Court amend Count 15 to reference Jane Doe #7 rather than Jane Doe #4. (Doc. 132 at 2.)

Generally, constructive amendments, which "occur[] when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment," must be re-presented to the grand jury. United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). However, re-presenting the charge is not required merely to correct scrivener's errors. See United States v. Baldwin, 774 F.3d 711, 724 (11th Cir. 2014); Russell v. United States, 369 U.S. 749, 770 (1962) ("[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form."). The Court concludes that the amendment the Government requests is merely a scrivener's error and results in a "minor clerical correction." See Baldwin, 774 F.3d at 724. It neither broadens the possible basis of Defendant's potential convictions nor can the Court conclude that such an amendment will result in prejudice. Accordingly, the Government's motion is **GRANTED**.

IV. GOVERNMENT'S MOTION IN LIMINE

In its Motion in Limine (Doc. 134), the Government requests that the Court admit evidence of drug use and Defendant's sexual activity of the minors pursuant to Federal Rule of Evidence

9

404(b), that the Court withhold the alleged victims' full names during trial, and that Defendant be prevented from arguing that the minor victims consented to being sexually exploited. Each request is addressed in turn below.

A. <u>Rule 404(b) Evidence</u>

The Government requests that the Court allow the admission of evidence that Defendant regularly provided the alleged victims with drugs to use when they engaged in commercial sex acts and that Defendant engaged in sex with some of the minor victims. (<u>Id.</u> at 7.) Generally, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such extrinsic evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." <u>Id.</u> However, evidence that is intrinsic, rather than extrinsic, is not subject to Rule 404(b). Evidence is intrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." <u>United States v. Edouard</u>, 485 F.3d 1324, 1344 (11th Cir. 2007) (<u>quoting</u> <u>United States v. Baker</u>, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005)). Such

evidence may be admitted "if linked in time and circumstances with the charged crime, or [it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." Id. (quoting United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998). For example, evidence that forms an "integral and natural part of the witness's accounts of the circumstances surrounding" the charged crime is intrinsic and not subject to Rule 404(b). United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989). However, even admissible intrinsic evidence must comport with the requirements of Federal Rule of Evidence 403, which precludes evidence whose probative value is substantially outweighed by unfair prejudice. See United States v. Williams, 564 F. App'x 569, 574 (11th Cir. 2014)

In this case, the Court concludes that the evidence the Government seeks to introduce is intrinsic evidence and not subject to Rule 404(b). Moreover, the Court concludes that the probative value of the evidence is unlikely to be outweighed by a danger of unfair prejudice. Defendant is charged with several counts of sex trafficking of a minor, and the indictment alleges that Defendant recruited and enticed these alleged minor victims knowing that they would be caused to engage in commercial sex acts. (Doc. 113.) The Government states that the alleged victims will testify that Defendant provided them with drugs to enable

11

them to engage in commercial sexual activity. (Doc. 134 at 8.) Moreover, the Government also claims that Defendant had sex with some of the alleged victims to recruit them into the prostitution business. (Id.) This type of evidence forms an integral and natural part of the accounting of the crimes of which Defendant is charged. As such it is not extrinsic evidence and falls outside the scope of Rule 404(b). See Williams, 564 F. App'x at 574 (finding evidence that Defendant provided drugs and engaged in sexual intercourse with victims inextricably linked to charges of sex trafficking). Because such evidence is integral to the accounting of the crime of sex trafficking of a minor and explains Defendant's alleged involvement in the crime, the probative value of such evidence significantly outweighs its prejudicial effect. Accordingly, the Government's Motion in Limine as to the drug use and sexual activity is **GRANTED**.[3]

B. <u>Use of Alleged Victims' Full Names</u>

The Government requests that the Court restrict during trial references to the alleged victims to only their first names. At least one of the alleged victims is still a minor and all of the alleged victims were minors at the time charged in the indictment. (Doc. 134 at 9.) The Government further requests that all references to the alleged victims' last names be

---

[3] The Government is cautioned however, that the Court has not granted any request to introduce evidence of the Defendant's drug use.

12

redacted from any transcripts. (Id. at 10.) Pursuant to 18 U.S.C. § 3509(d), all papers filed in court "that disclose the name of or any other information concerning a child shall be filed under seal." The same statute allows the Court to issue a protective order to protect a minor's identity, close the courtroom for a minor's testimony, and take any other measure that may be necessary to protect the minor if exposure would be detrimental. This protection applies even when victims are no longer underage. See Lebowitz v. United States, 2015 WL 630394, at *14 n.13 (N.D. Ga. 2015) (citing Luttrell v. McDonald's Corp., 2004 WL 2750244, at *6 (S.D. Ind. 2004) ("[T]he protection of [a minor's] privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority.")). Likewise, all crime victims have the right to be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). However, the protection of the identities of such minor victims is balanced against the right of the press and public in access to criminal trials. Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty., 457 U.S. 596, 606 (1982).

In this case, the privacy of the alleged victims is a compelling interest when considering the desire to protect these individuals "from embarrassment, in order to avoid psychological harm and allow the minor witnesses to effectively testify."

United States v. Dickerson, 2012 WL 6186732, at * 2 (M.D. Fla. 2012). Moreover, the alleged victims who will testify as witnesses are likely to testify as to sexually explicit content and information that, if publicly disclosed, could cause unnecessary embarrassment and harassment. See United States v. Marcus, 628 F.3d 36, 46 n.12. (2d Cir. 2010) (denying appeal based on violation of due process rights for witnesses testifying by first name only). Accordingly, the Government's motion is **GRANTED** and the alleged victims will be allowed to testify using their first name only and references to identifying information for purposes of voir dire shall be redacted from the transcript.

C. Defendant's Argument Regarding Consent

Finally, the Government argues that Defendant should be precluded from offering evidence that the alleged victims consented to working as prostitutes. (Doc. 134 at 10.) Generally, 18 U.S.C. § 1591(a) criminalizes activities where a defendant causes another to engage in commercial sex acts where force, fraud, or coercion is used or where "the [victim] has not attained the age of 18 years." Whether a minor consents to the acts charged pursuant to 18 U.S.C. § 1591 is irrelevant for purposes of the statute. United States v. Wardlow, ___ F. App'x ___, 2016 WL 7404672, at *2 (11th Cir. Dec. 22, 2016); United States v. Robinson, 508 F. App'x 867, 870 (11th Cir. 2013).

14

Accordingly, Defendant can be properly precluded from offering the defense of consent in regards to charges based on the sex trafficking of a minor.

However, at least one of the charges in the indictment alleges that Defendant engaged in sex trafficking by "force, fraud, and coercion." (Doc. 113 at 2.) One of the elements that the Government is required to prove for purposes of this charge is the presence of force or coercion. See United States v. Afyare, 632 F. App'x 272, 287 (6th Cir. 2016) ("[Section] 1591(a) requires no proof of force, fraud, or coercion in the sex trafficking of a child, because a child cannot consent, whereas force, fraud, or coercion is a necessary element for the sex trafficking of an adult."). Indeed, the Government's proffered jury charges request that the Court instruct the jury on sex trafficking by force, fraud, or coercion in addition to sex trafficking of children. (Doc. 133 at 27-27.) However, it is unclear at this time what the Government's evidence with respect to this charge will be. As a result, the Court **RESERVES** ruling on whether Defendant may produce evidence of consent for the sole charge of sex trafficking by force, fraud, or coercion. The Government's motion is **GRANTED** to the extent Defendant seeks to proffer evidence of consent based on sex trafficking of minors.

## CONCLUSION

For the foregoing reasons, the Court **RESERVES** ruling on Defendant's Motion For Specific Unanimity Instruction (Doc. 130). Defendant's Motion for Discovery Pursuant to Rule 16 (Doc. 131) is **GRANTED IN PART** and **DENIED IN PART**. The Government's Motion to Amend/Correct (Doc. 132) is **GRANTED**. The Government's Motion in Limine (Doc. 134) is **GRANTED IN PART** and **RESERVED IN PART**.

SO ORDERED this 27th day of February 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA