IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-196
)
TIMOTHY DEQUON LEWIS, )
)
Defendant. )
)

# ORDER

Before the Court is Defendant's Motion for Judgment of Acquittal/Motion for New Trial. (Doc. 160.) For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

On November 5, 2015, Defendant was charged in a single count indictment with sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. § 1591. (Doc. 4.) On April 7, 2016, a superseding indictment was filed charging Defendant with thirteen additional counts related to sex trafficking. (Doc. 59.) On July 6, 2016, a second superseding indictment was filed in Defendant's case bringing the total counts to nineteen. (Doc. 82.) On December 7, 2016, a third superseding indictment was filed against Defendant adding a charge for possession of child pornography. (Doc. 113.)

Due to clerical errors, an amended third superseding indictment was filed during trial. (Doc. 144.) In this amended

third superseding indictment, Defendant was charged with 1 count of sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. § 1591, 7 counts of sex trafficking of a minor under the age of 18 in violation of 18 U.S.C. § 1591, 1 count of sex trafficking of a minor under the age of 14 in violation of 18 U.S.C. § 1591, 8 counts of coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), 1 count of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), 1 count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and 1 count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Trial in this case began on March 6, 2017. At trial, the Government explained that the case began when the FBI received a lead from the National Center for Missing and Exploited Children ("NCMEC"). NCMEC informed the FBI that one of the minor victims in this case—Jane Doe #3—had run away. NCMEC also provided information to the FBI indicating that various advertisements which appeared to show Jane Doe #3 had appeared on the website Backpage.com. At the time, Backpage.com was used to publish advertisements for escort services and prostitution.

During the course of the investigation into Jane Doe #3's disappearance, the FBI was led to a Savannah hotel where they

2

found two other minors, Jane Doe #1 and Jane Doe #2, in the company of Defendant. Multiple witnesses noted that there was a strong odor of marijuana emanating from the room and bugs crawled amidst used condoms, alcohol bottles, and food waste. While the FBI was interviewing Jane Does #1 and #2, Jane Doe #3 arrived at the hotel. Jane Doe #3 appeared to be either high or drunk, and law enforcement had to physically restrain her.

After Jane Doe #3 arrived at the hotel, all three girls were taken to the hospital where medical personnel examined them. One of the Jane Does had internal injuries and another had a tampon and make-up sponges pushed so far inside her vagina she was unable to remove them without assistance. Each of the Jane Does had been posted to Backpage.com as available for sex.

Defendant was arrested at the hotel. The Government obtained search warrants for Defendant's vehicle and fourteen electronic devices, including several cell phones, a tablet, and a mobile hotspot. The Government searched these devices and found significant digital evidence. This evidence included Backpage.com advertisements listing various girls as available for commercial sex. In all of the advertisements Defendant posted, the girls were wearing lewd and provocative attire, oftentimes posing in less than bras and panties. In one advertisement, the girl was clad in absolutely nothing at all. By linking the advertisements with information available online

and the testimony of the three Jane Does found in the hotel, the FBI was able to locate five additional minor victims whom Defendant had posted to Backpage.com and were identified as Jane Does #4-8 at trial.

Defendant's involvement in the sex trafficking of minors was not limited to posting advertisements on Backpage.com. The Jane Does testified that Defendant also transported some of them to their various "plays," was paid to post prostitution advertisements on Backpage.com, and, in some cases, had selected the aliases the Jane Does used in their advertisements. For example, Defendant named Jane Doe #3—who was thirteen at the time Defendant prostituted her—"Little Sexy" and noted in her Backpage.com advertisements that she was "fun sized." The Government also presented text messages between Defendant and various Jane Does, receipts for payment for the posting of Backpage.com advertisements, and receipts for payment made so that certain Backpage.com advertisements appeared at the top of the list when that site was searched.

Defendant also pressured and physically assaulted some of the Jane Does. One Jane Doe testified that she had engaged in sex acts because Defendant had hit her when she refused to prostitute herself. Another Jane Doe testified that Defendant had physically assaulted a Jane Doe by pistol whipping her. Multiple Jane Does testified that they were afraid of Defendant

because they had often seen him in possession of a firearm. This testimony was bolstered by evidence showing that McIntosh County police pulled Defendant over and found him to be in possession of a firearm.

The jury ultimately found Defendant guilty of nineteen of the twenty counts charged in the indictment.[1] Defendant now challenges that verdict. Defendant argues that he was entitled to a directed verdict on the 8 counts of coercion and enticement because there was no evidence that Defendant "persuaded, induced, enticed and coerced [a Jane Doe] to engage in any sexual activity." (Doc. 160 at 2.) Defendant argues that he was entitled to a directed verdict on the eight counts of sex trafficking because the jury charges and indictment misstated the law, and because the Government failed to prove that Defendant acted "knowing and in reckless disregard of the fact that . . . [the Jane Does] had not attained the age of 18 years." (Id. at 3.) Finally, Defendant argues that the Court unfairly admitted prejudicial materials. (Id. at 4.) Specifically, Defendant objects to the admission of certain pictures that included child pornography. (Id.) It is Defendant's argument that the admission of these pictures

---

[1] The sole charge for which Defendant was found not guilty was transportation with intent to engage in criminal sexual activity. (Doc. 154.)

5

tainted the verdict and resulted in the jury basing their decision on emotion rather than reason. (Id. at 5.)

**ANALYSIS**

In considering a motion for acquittal under Federal Rule of Criminal Procedure 29, the Court views the evidence in the light most favorable to the verdict. United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989). The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)). Essentially, the goal is preventing verdicts based wholly upon "speculation and conjecture." United States v. Kelly, 888 F.2d 732, 741 (11th Cir. 1989).

The Court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where a defendant moves for a new trial based on improperly admitted evidence, the defendant must show that an objection was properly preserved, the court abused its discretion in admitting or rejecting the evidence, and the error was prejudicial to the defendant. United States v. Stephens, 365 F.3d 967, 974 (11th Cir. 2004). Motions for new trials based on other trial errors must demonstrate that the error created circumstances that rendered the trial prejudicially unfair. See United States v. Martinez, 763 F.2d 1297, 1315 (11th Cir. 1985)

(rejecting defendant's motion for new trial based on discovery violation because violation did not render trial "fundamentally unfair"). Nothing in this case rendered the trial prejudicially unfair and, based on the evidence presented, a reasonable jury could have found Defendant guilty beyond a reasonable doubt. Accordingly, Defendant's motion is **DENIED**.

I. <u>COERCION AND ENTICEMENT</u>

Defendant's argument that he should receive a new trial on the charges of coercion and enticement to engage in a sexual activity is without merit. Defendant argues that he is not guilty because he did not persuade, induce, entice, or coerce any Jane Doe into sexual activity. (Doc. 160 at 2.) This assertion is markedly incorrect. There was more than sufficient evidence presented at trial to show that Defendant encouraged and coerced the Jane Does to engage in sexual activity. Defendant did this by prompting and encouraging all the Jane Does to give their pictures to him to post on Backpage.com. In addition to posting the pictures, Defendant also physically coerced some of the Jane Does to engage in commercial sex acts. At least one Jane Doe testified that she engaged in sexual activity because she was afraid of Defendant. Another Jane Doe testified that she observed Defendant pistol whip one Jane Doe. Based on this evidence, a reasonable jury could have found Defendant guilty beyond a reasonable doubt as to the charge of

7

coercion or enticement. As a result, Defendant is not entitled to a new trial or acquittal for his coercion and enticement convictions.

II. <u>SEX TRAFFICKING OF MINORS</u>

Defendant makes two arguments in support of his position that he should either be acquitted or receive a new trial for the charges of sex trafficking. First, Defendant argues that the Government failed to prove that Defendant knew the Jane Does were minors. (Doc. 160 at 3.) The law, however, does not require that Defendant possess actual knowledge that the Jane Does were minors. Instead, the Government merely has to show that Defendant had a reasonable opportunity to observe the Jane Does. See <u>United States v. Mozie</u>, 752 F.3d 1271, 1286 (11th Cir. 2014) ("[T]o establish the second element, the requisite mens rea, the government did not have to prove that Mozie 'knew' his victims were minors; it could instead prove the alternative that he 'had a reasonable opportunity to observe' the victims and 'recklessly disregard[ed]' their age.") (<u>quoting</u> 18 U.S.C. § 1591)). The Government presented evidence that Defendant had a reasonable opportunity to observe all of the Jane Does in this case both in person and via pictures.

Second, Defendant contends that the Court incorrectly instructed the jury on the elements of sex trafficking. Defendant notes that the indictment stated that Defendant

8

"knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means <u>AND</u> benefitted financially . . . from participation in a venture." (Doc. 160 at 3 (emphasis added).) Defendant argues that this was error because the language of the statute uses the disjunctive "<u>OR</u>". (Doc. 160 at 3.) While the statue does indeed state the elements in the disjunctive, there was no error in either the indictment or the jury charges. First, it is acceptable to use "and" in an indictment, where the statute uses "or." See <u>United States v. Earls</u>, 42 F.3d 1321, 1327 (10th Cir. 1994) (" '[I]t is generally accepted procedure to use "and" in an indictment where a statute uses the word "or" . . . [because] [t]his assures that defendants are not convicted on information not considered by the grand jury.' Moreover, it is 'entirely proper' for the district court to instruct the jury in the disjunctive, though the indictment is worded in the conjunctive.") (quoting <u>United States v. Daily</u>, 921 F.2d 994, 1001 (10th Cir. 1990); <u>United States v. Hager</u>, 969 F.2d 883, 890 (10th Cir. 1992)); see also <u>United States v. Simpson</u>, 228 F.3d 1294, 1300 (11th Cir. 2000) ("[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive."). Second, even though

9

the indictment used the conjunctive, the court's instructions at trial correctly used the disjunctive in instructing the jury on the charge of sex trafficking. (Doc. 153.)

Finally, Defendant did not object to the Court's instructions on sex trafficking. When provided the opportunity, Defendant stated that he had no objection to the Court's draft jury instructions.[2] In fact, the charge for sex trafficking that was ultimately given to the jury was the same as the one Defendant requested before trial. (Doc. 123 at 24.) Accordingly, Defendant has waived this objection. See United States v. Frank, 599 F.3d 1221, 1240 (11th Cir. 2010) ("[Defendant] invited error when he not only agreed with the supplemental instructions and special verdict form, but requested them. Therefore, he has waived his right to challenge the district court's admission of these instructions."). For all these reasons, Defendant is not entitled to a judgment of acquittal or a new trial on the charges of sex trafficking.

III. PREJUDICIAL MATERIALS

Defendant also argues that unfairly prejudicial material was presented at trial. Specifically, he argues that he is

---

[2] Defendant did request a unanimity instruction. However, the Court declined to provide the requested instruction and Defendant has not renewed that objection here. As a result that motion is **DISMISSED AS MOOT**. (Doc. 130.) The Court also addressed all evidentiary objections at trial. Accordingly, the Government's Motion in Limine is also **DISMISSED AS MOOT**. (Doc. 134.)

10

entitled to a new trial because the Court admitted pictures of the Jane Does wearing little or no clothing. Defendant is not entitled to relief on this ground.

Defendant was charged with sex trafficking of minors, coercion and enticement to engage in sexual activity, transporting with intent to engage in sexual activity, possession of child pornography, and possession of a firearm by a felon. In order to prove Defendant's involvement, the Government requested the admission of several pictures. The pictures depicted each of the Jane Does wearing provocative attire and posing in suggestive positions. These pictures were certainly inflammatory, but they were not so prejudicial that their probative value was outweighed.

First, the Government did not seek to introduce every lewd picture in Defendant's possession. Instead, the Government merely presented one or two pictures per victim to show the relationship between the charged counts and Defendant. As a result, there is little evidence to suggest that the pictures overwhelmed the jurors reasoning capabilities. Second, Defendant was charged with possession of child pornography. While child pornography is certainly prejudicial, the Government was entitled to admit the pornographic images in order to prove its case. See United States v. Brooks, 647 F. App'x 988, 991-92 (11th Cir. 2016) (holding risk of prejudice did not outweigh

probative value of video clips showing child pornography even where Defendant agreed to stipulate that clips contained child pornography); United States v. Richardson, 518 F. App'x 708, 711 (11th Cir. 2013) (same). As a result, Defendant is not entitled to a judgment of acquittal or a new trial on this ground.

## CONCLUSION

For the foregoing reasons, Defendant is not entitled to either a new trial or a judgment of acquittal. Accordingly, Defendant's motion is **DENIED**. (Doc. 160.)

SO ORDERED this 28th day of April 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA